

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| EBI HOLDINGS, INC. and EBI, L.P., )<br>)<br>Plaintiffs,            )<br>)<br>v.                                         )<br>)<br>DAN BUTLER, PANACEA HEALTH )<br>LLC, BLACKSTONE MEDICAL,   )<br>INC., ANTHONY JAMIE RILEY,  )<br>and ANTHONY J. PAGANO,       )<br>individually and in their professional )<br>capacities,                             )<br>)<br>Defendants,            )<br>)<br>and                                         )<br>)<br>DAN BUTLER,                           )<br>)<br>Third Party Plaintiff, )<br>)<br>v.                                         )<br>)<br>ONE MEDICAL, INC., TOM       )<br>MILROY and TERRY MANCUSO, )<br>)<br>Third Party Defendants.  ) | No.  07-3259 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Third Party Defendants One

1

Medical, Inc, Tom Milroy and Terry Mancuso's Motion to Dismiss Dan Butler's Third Party Complaint (d/e 72) (Motion to Dismiss). Dan Butler's Third Party Complaint (d/e 44) alleges claims of tortious interference with an employment relationship (Count I), civil conspiracy (Count II), and tortious interference with a prospective economic advantage (Count III). Third Party Defendants One Medical, Milroy, and Mancuso (One Medical Defendants) move to dismiss the Third Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that each count is factually and legally deficient. For the reasons set forth below, the Third Party Complaint is dismissed for lack of jurisdiction and the Motion to Dismiss is denied as moot.

Although not raised by the One Medical Defendants, there is a threshold question of whether this Court has subject matter jurisdiction over Butler's Third Party Complaint. This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006). Under Federal Rule of Civil Procedure 8(a)(1), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction

2

and the claim needs no new jurisdictional support." The Third Party Complaint correctly notes that this Court has diversity jurisdiction over the underlying First Amended Complaint (d/e 35) under 28 U.S.C. § 1332. The claims in the Third Party Complaint require new jurisdictional support; however, none is identified. Not only does Butler fail to identify a jurisdictional basis for his third party claims, the Third Party Complaint expressly questions whether jurisdiction exists. Butler alleges that "[j]urisdiction is now in question since there is no longer complete diversity between all of the parties involved." Third Party Complaint, ¶ 6. This Court's jurisdiction "is not to be established argumentatively or by mere inference." Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 217 (1904). The allegations of Butler's Third Party Complaint are clearly insufficient to establish that subject matter jurisdiction exists. Thus, Butler's Third Party Complaint is dismissed in its entirety. Arbaugh, 546 U.S. at 502.

The Court, however, grants Butler leave to file an amended third party complaint to attempt to cure this deficiency. Because Butler may file an amended pleading, the Court notes that it is unclear on the face of Butler's Third Party Complaint whether he intends to name underlying Plaintiffs

3

EBI Holdings, Inc. and EBI, L.P. as Third Party Defendants. Butler does not label EBI Holdings, Inc. or EBI, L.P. as Third Party Defendants in either the caption or the body of his Third Party Complaint; however, Counts II and III of the Third Party Complaint purport to allege claims against EBI Holdings, Inc. and EBI, L.P. in addition to the Medical One Defendants. To the extent Butler seeks to bring third party claims against EBI Holdings, Inc. and EBI, L.P. in any amended pleading, he should make this intent clear on the face of the pleading. In light of the Court's ruling dismissing the Third Party Complaint, the Motion to Dismiss filed by the Medical One Defendants is denied as moot, without prejudice to being raised again should Butler file an amended third party complaint.

THEREFORE, Butler's Third Party Complaint (d/e 44) is DISMISSED for lack of subject matter jurisdiction. Butler is granted leave to file an amended third party complaint on or before March 9, 2009.

IT IS THEREFORE SO ORDERED.

ENTER:  February 17, 2009

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                 UNITED STATES DISTRICT JUDGE