IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EBI HOLDINGS, INC. and EBI, L.P., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAN BUTLER, PANACEA HEALTH ) <br> LLC, BLACKSTONE MEDICAL, ) <br> INC., ANTHONY JAMIE RILEY, ) <br> and ANTHONY J. PAGANO, ) <br> individually and in their professional ) <br> capacities, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> DAN BUTLER, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONE MEDICAL, INC., TOM ) <br> MILROY and TERRY MANCUSO, ) <br> ) <br> Third Party Defendants, ) <br> ) <br> and ) <br> ) <br> DAN BUTLER, ) <br> ) <br> Counter Plaintiff, ) | No.  07-3259 |

1

|  |  )  |
|---|---|
| v. | ) |
|  | ) |
| EBI HOLDINGS, INC. and EBI, L.P., | ) |
|  | ) |
| Counter Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Third Party Defendants One Medical, Inc., Tom Milroy and Terry Mancuso's Motion to Dismiss Dan Butler's Amended Third Party Complaint (d/e 99) (Motion to Dismiss). Butler's Amended Third Party Complaint (d/e 95) alleges claims of tortious interference with an employment relationship (Count I), civil conspiracy (Count II), and tortious interference with a prospective economic advantage (Count III). Third Party Defendants One Medical, Milroy, and Mancuso (One Medical Defendants) move to dismiss Butler's claims against them, asserting lack of jurisdiction, improper impleader, and, additionally, that each count is factually and legally deficient. For the reasons set forth below, the Motion to Dismiss is allowed.

## BACKGROUND

Butler was hired by Plaintiffs EBI Holdings, Inc. and EBI, L.P. in June

2

2000 to sell Plaintiffs' products in central Illinois and eastern Iowa. Plaintiffs assert that, in 2006, they decided to streamline certain sales and marketing efforts. According to Plaintiffs, as a result of this decision, they entered into a Distribution Agreement with One Medical, Inc., effective June 1, 2007, to distribute Plaintiffs' products in parts of Illinois, Iowa, and Indiana. Milroy and Mancuso are alleged to be principals and owners of One Medical, Inc. In 2006, Plaintiffs informed Butler that his employment would terminate on June 1, 2007, and that if Butler wished to continue to market Plaintiffs' products, he must accept employment with One Medical. <u>Defendant Butler's Answer to First Amended Complaint</u>, p. 24, ¶ 4. Butler did not accept employment with One Medical, and his employment with Plaintiffs terminated effective June 1, 2007.

According to Plaintiffs, Butler breached Confidentiality and Non-Competition Agreements that he had entered into in connection with his employment with the Plaintiffs. Plaintiffs' First Amended Complaint (d/e 35) alleges claims of breach of contract (Count I), breach of duty of loyalty and fiduciary duty (Count II), breach of duty of loyalty (Count III), threatened and actual misappropriation of trade secrets (Count VI), unjust enrichment (Count VIII), civil conspiracy (Count IX) and tortious

interference with prospective economic advantage (Count X) against Defendant Butler. Plaintiffs also seek specific performance of the Confidentiality and Non-Competition Agreements (Count VII).

According to Butler, One Medical Defendants tortiously interfered with his employment and unlawfully conspired with Plaintiffs in connection with the formation of One Medical, Inc. Butler filed a Third Party Complaint (d/e 44), which the Court dismissed sua sponte based on Butler's failure to identify any basis for federal subject matter jurisdiction over his third party claims, as is required by Federal Rule of Civil Procedure 8(a)(1). Opinion (d/e 90), dated February 17, 2009. With leave of Court, Butler filed the Amended Third Party Complaint at issue here. The pending Motion to Dismiss followed.

## ANALYSIS

As an initial matter, the Court must address the existence of subject matter jurisdiction. The only substantial change related to this issue in the Amended Third Party Complaint is the inclusion of a new jurisdictional allegation which states, in its entirety, as follows: "Supplemental jurisdiction is proper in this Court pursuant to 28 U.S.C. § 14." Amended Third Party Complaint, ¶ 7. Title 28 of the United States Code does not contain a § 14;

the federal supplemental jurisdiction rule is found at § 1367 of that Title, which provides:

> in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder. . . of additional parties.

28 U.S.C. § 1367(a).[1]

Claims are part of the same "case or controversy" under Article III where those claims derive from a common nucleus of operative facts. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Section 1367's "case or controversy" requirement generally requires no more than "[a] loose factual connection between the claims." Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995) (citation omitted). However, Butler's Amended Third Party Complaint fails to satisfy even that low standard. The Amended Third Party Complaint contains no allegations sufficient to establish any factual overlap between the third party claims

---

[1] The Court notes that a defendant's impleader under Fed. R. Civ. P. 14 of a party that is not diverse from the plaintiff does not implicate 28 U.S.C. § 1367(b). Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc., 487 F.3d 1061, 1063 (7th Cir. 2007).

5

relating to One Medical and the underlying claims, which arise out of Butler's contractual and employment obligations to EBI Holdings, Inc. and EBI, L.P. In response to the Motion to Dismiss, Butler asserts that "[t]he sole reason that Dan Butler is now working for another company is entirely because of the actions and conduct of the Third Party Defendants." <u>Third Party Plaintiff Dan Butler's Memorandum of Law in Opposition to Third Party Defendant's [sic] Motion to Dismiss Amended Third Party Complaint (d/e 107)</u>, p. 3. Butler, however, fails to identify a single common fact between the alleged wrongful conduct set out in the Amended Third Party Complaint and the allegations of the Plaintiffs' underlying Complaint. Therefore, Butler's third party claims cannot be said to be part of the same "case or controversy," and this Court lacks subject matter jurisdiction over them. The Motion to Dismiss is allowed.

Even if the Court had jurisdiction, the claims against the One Medical Defendants would be subject to dismissal as outside the scope of Federal Rule of Civil Procedure 14, which allows a defending party to file a third party complaint against "a nonparty <u>who is or may be liable to it for all or part of the claim against it.</u>" <u>Fed. R. Civ. P.</u> 14(a)(1) (emphasis added). As the language in the Rule makes clear, a claim that the third party defendants

would be secondarily liable to the third party plaintiff is an essential part of a third party complaint under Rule 14. The Seventh Circuit has characterized a claim that a third party defendant be secondarily liable to the third party plaintiff as "a plain condition on the face of Rule 14" which "is not altered merely by the fact that the alleged third-party claim grew out of the same transaction." U.S. General, Inc. v. City of Joliet, 598 F.2d 1050, 1053 (7th Cir. 1979). "A third-party defendant's liability must be derivative of the impleading party's liability. Liability is derivative where it is dependent on the determination of liability in the original action." Beale v. Revolution Portfolio, LLC, 2009 WL 1285527, at *2 (N.D. Ill. May 07, 2009) (citing U.S. General, Inc., 598 F.2d at 1053)).

Impleader should be "construed liberally to reduce multiplicity of litigation and promote judicial efficiency." National Council on Compensation Ins., Inc. v. American Intern. Group, 2009 WL 466802, at *13 (N.D. Ill. Feb. 23, 2009) (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1446, at 356-58 (1990)). However, Butler's attempted third-party claims are insufficient even under a liberal construction. Nothing in Butler's Amended Third Party Complaint suggests that the One Medical Defendants would be liable to Butler in the event that

7

Butler was found to be liable to the Plaintiffs. Instead, the Amended Third Party Complaint sets out three counts that appear to be entirely independent of any liability Butler might have to the Plaintiffs. Thus, Butler's Amended Third Party Complaint fails to state a cognizable third-party action under Rule 14(a).

One issue remains. Counts II and III of the Amended Third Party Complaint allude to claims against Plaintiffs EBI Holdings, Inc. and EBI, L.P. In its Opinion dismissing the original Third Party Complaint, this Court advised Butler that it was unclear from the face of his pleading whether he was attempting to raise claims against EBI Holdings, Inc. and EBI, L.P. in the Third Party Complaint. <u>Opinion (d/e 90), dated February 17, 2009</u>, p. 3-4. Butler's Amended Third Party Complaint does not provide any clarification; indeed, it contains the same language as the original Third Party Complaint in all aspects relevant to EBI Holdings, Inc. and EBI, L.P. <u>See, e.g.</u>, <u>Amended Third Party Complaint</u>, p. 2 ("NOW COMES the Third Party Plaintiff, DAN BUTLER, . . . and for his Amended Third Party Complaint against the Third Party Defendants, ONE MEDICAL, INC., TOM MILROY, and TERRY MANCUSO, states as follows: . . . ."). Given Butler's inaction on this issue, the Court concludes

8

that Butler does not wish to pursue claims against EBI Holdings, Inc. and EBI, L.P. in his Amended Third Party Complaint.  Thus, the ruling on the Motion to Dismiss disposes of the Amended Third Party Complaint in its entirety.

THEREFORE, for the reasons set forth above, Third Party Defendants One Medical, Inc, Tom Milroy and Terry Mancuso's Motion to Dismiss Dan Butler's Amended Third Party Complaint (d/e 99) is ALLOWED.  Dan Butler's Amended Third Party Complaint (d/e 95) is DISMISSED.

IT IS THEREFORE SO ORDERED.

ENTER:   July 2, 2009

FOR THE COURT:

                                         s/ Jeanne E. Scott
                                         JEANNE E. SCOTT
                                         UNITED STATES DISTRICT JUDGE